O

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE SALEEN, et al. | CASE NO. SACV 09-1114 AG (PLAx) |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| PEXT, INC., et al. | |
| Defendants. | |
| _____ | |
| AND RELATED ACTIONS | |
| _____ | |

This lawsuit involves, among other things, allegations that a company's controlling shareholder breached its fiduciary duty by selling the company's assets for less than their full worth. Defendants Hancock Park Capital II, L.P. and Hancock Park Capital III, L.P. (collectively "Hancock Park") and Kevin Listen ("Listen") filed a Motion to Dismiss ("Motion"). The Court GRANTS the Motion with leave to amend.

**BACKGROUND**

The following allegations are taken largely from the Verified First Amended Complaint ("FAC") filed by Plaintiffs Steve Saleen and SMS Limited Cars ("SMS") (collectively "Plaintiffs"). As it must, in this Order, the Court assumes factual allegations to be true.

Steve Saleen began making high performance Ford Mustangs in 1983. (FAC ¶ 11.) He called these cars "Saleen Mustangs." (*Id*.) He started a company for this venture, and after several changes, his company incorporated and was named "Saleen, Inc." as of 2001. (FAC ¶¶ 11-12.)

In 2003, Hancock Park purchased a majority of the issued shares of Saleen, Inc., making it the controlling shareholder, and Saleen, Inc. reincorporated in Delaware. (FAC ¶ 14.) Steve Saleen kept a minority interest of the company, with "approximately 6% of the issued shares[.]" (*Id*.)

Saleen, Inc., controlled by Hancock Park, later became financially insolvent. (FAC ¶ 88.) "Steve Saleen was a creditor of Saleen, Inc., being owed approximately $20,000." (FAC ¶ 19.)

In 2008, Steve Saleen learned that Hancock Park "was looking to sell a substantial portion of [Saleen, Inc.'s] assets." (*Id*.) Steve Saleen started a new company, Plaintiff SMS Signature Cars ("SMS"), which contacted Hancock Park's representatives about possibly purchasing these assets. (FAC ¶ 20.) But Hancock Park's response disappointed Plaintiffs. Because of "personal animosity," Hancock Park's director, Defendant Kevin Listen ("Listen"), ignored SMS's reasonable requests to purchase the assets. (FAC ¶ 21.) Listen demanded that Steve Saleen "put '$10 million' on the table before they would even talk to him about a purchase[,]" even though the assets were worth only $8 million. (*Id*.) Instead of dealing with Plaintiffs, Hancock Park later agreed to sell Saleen, Inc.'s assets to Defendant MJ Acquisitions, Inc. ("MJA") for only $2.3 million despite their full value of $8 million. Saleen, Inc. then changed its name to PEXT, Inc. ("PEXT").

This sale did not sit well with Plaintiffs. They filed this lawsuit against multiple Defendants. Among other claims, Steve Saleen asserts derivatively, on behalf of PEXT's

shareholders, a claim for breach of fiduciary duty against Listen and a claim for breach of fiduciary duty against Hancock Park. Hancock Park and Listen ("Defendants") filed this Motion, arguing that the claims against them should be dismissed.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**ANALYSIS**

Defendants argue that the claims against them should be dismissed because Plaintiffs do not sufficiently allege that Steve Saleen made demand on PEXT's directors or why demand should be excused. The Court agrees.

Under Federal Rule of Civil Procedure 23.1, a shareholder seeking to vindicate the interests of a corporation through a derivative suit must allege "with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3). In other words, a shareholder must, before bringing a shareholder's derivative lawsuit, "demand action from the corporation's directors or plead with particularity the reasons why such demand would have been futile." *In re Silicon Graphics Inc. Sec. Lit.*, 183 F.3d 970, 989 (9th Cir. 1990), *abrogated on other grounds as recognized in South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).

Here, PEXT is a Delaware corporation, so Delaware law applies to determine whether demand would be futile. *Id*. at 990. Normally, "[t]o show futility under Delaware law, a plaintiff must allege particularized facts creating a reasonable doubt that (1) the directors are disinterested and independent, or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Id*. (quoting *Aronson v. Lewis,* 473 A.2d 805, 814 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 254 (Del. 2000)).

Defendants argue that "Mr. Saleen has neither made a demand on the directors of PEXT, nor alleged adequate reasons for his failure to make a demand." (Mot. 5:24-25 (emphasis removed).) Plaintiffs admit that no demand was made. (FAC ¶ 92.) And their sole allegation concerning demand futility says that no demand was made "because PEXT, Inc. has affirmatively told Steve Saleen that it has ceased all business operations and that it has no remaining officers or directors." (*Id.*)

Defendants argue, and the Court agrees, that this allegation fails to state with sufficient particularity the reasons why demand would have been futile. For example, the FAC does not

4

describe the context of the alleged statement to Steve Saleen that PEXT has no officers or directors, when this statement was made, or who made this statement.

Plaintiffs argue: "A review of the [FAC] dispels any notion that Mr. Saleen's claims against Hancock Park and Kevin Listen are not particularly pled[.]" (Opp'n 7:8-9 (emphasis added).) But the particularity requirement of Rule 23.1(b)(3) does not apply to a shareholder's *claims*. Rather, it applies to a shareholder's *reasons* for not making demand. And Plaintiffs' statement that "PEXT . . . told Steve Saleen that it has ceased all business operations and that it has no remaining officers or directors" is not sufficiently particular. (FAC ¶ 92.)

Plaintiffs also argue that "[a] demand on the PEXT shareholders would have been futile because Hancock Park is the majority and controlling shareholder," and Hancock Park "engaged in the breach of fiduciary duty and sold $8 million of assets to MJ Acquisitions for $2.3 million." (Opp'n 9:1-3; 10:1-3.) In other words, Plaintiffs argue that demand was futile because the alleged wrongdoer is the majority shareholder of PEXT, raising a "reasonable doubt that [] the directors are disinterested and independent." *See Aronson*, 473 A.2d at 814. But the FAC does not allege that this is the reason no demand was made, and it certainly does not do so with particularity.

Accordingly, Plaintiffs' breach of fiduciary duty claims are dismissed. But Defendants have not established that the failure to plead demand with particularity cannot be cured by amendment, so Plaintiffs shall have leave to amend.

Defendants also argue that the breach of fiduciary duty claims should be dismissed because Steve Saleen will not adequately represent PEXT's shareholders. But this argument would be more appropriately addressed after Plaintiffs have had a chance to amend the FAC.

**DISPOSITION**

The Motion is GRANTED. Plaintiffs may file an amended complaint within 21 days of this Order, setting forth adequate allegations against Defendant. The amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading. The amended complaint should reflect any changes, preferably in a red-lined copy.

IT IS SO ORDERED.

DATED: January 11, 2010

_____
Andrew J. Guilford
United States District Judge